Mr. Justice Shepard
delivered the opinion of the Court:
This is the second appeal in this case. The action was *101 begun to recover upon two promissory notes described in the first and second counts of the declaration, respectively; and the first appeal was specially allowed from an interlocutory order sustaining a demurrer to the first count and dismissing the action as to it.
The second count, founded on the smaller of the two notes, was not brought up in that record.
An opinion was delivered in that case on March 6, 1900, in accordance with which the judgment of the court below was affirmed. 16 App. D. C. 186.
The cause having been remanded for further proceedings upon the remaining count of the declaration, the defendant withdrew its former pleas and entered a demurrer, which was sustained. Plaintiff declining to- amend, final judgment was rendered for the defendant, from which this second appeal has been prosecuted, seeking to review the judgment as to both counts.
The second note is not quite so comprehensive in the terms of the collateral clause as the first, and omits several conditions thereof to which objections had been taken. It contains, however, the identical clause authorizing the Riggs National Bank, a party not otherwise connected with the transaction, to demand additions to the collateral, or the payment of money on account, whenever in its opinion the said collateral shall have depreciated in value, and to sell the same in case of failure to comply with said demands.
The parties have submitted the case without argument, and have moved for speedy judgment upon the assumption that the material questions involved are substantially the same as in the former appeal.
It is unnecessary to mention other clauses of the note sued on than the one stated above. Referring to that condition in the former opinion, it was said: “The.power here conferred is so uncontrolled and so uncertain, and its exercise so completely subject to the contingencies of every passing hour from and after the very moment of execution and *102 delivery, that, in our opinion, it constitutes an innovation in the conditions of negotiable paper that ought not to be sanctioned.”
We see no reason to alter these views, and for the reasons given in full in that opinion the judgment will be affirmed, with costs. It is so ordered. Affirmed.